NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME DUENAS-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70906

Agency No. A087-991-568

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jaime Duenas-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Garcia v. Holder*, 621 F.3d 906, 912-13 (9th Cir. 2010). We deny in part and dismiss in part the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

We lack jurisdiction to review Duenas-Hernandez's contentions regarding hardship to his United States citizen daughter, where the evidence is cumulative of his previously denied application for cancellation of removal. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (court lacks jurisdiction over a motion to reopen where new evidence is cumulative of a previously considered discretionary determination). The BIA did not abuse its discretion in denying Duenas-Hernandez's motion on the ground that the new evidence of his daughter's scoliosis was insufficient to establish prima facie eligibility for cancellation of removal. *See id.* (court has jurisdiction to review the agency's decision where "the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief").

To the extent Duenas-Hernandez challenges the BIA's hardship determination on direct appeal, we lack jurisdiction to consider that challenge, where this petition is untimely as to that decision. *See* 8 U.S.C. § 1252(b)(1).

Finally, we lack jurisdiction to consider Duenas-Hernandez's unexhausted ineffective assistance of counsel claim, where he failed to raise the claim in the order under review. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010)

18-70906

("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**